UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARL MORGAN, SHIRLEY MORGAN <br> DANIEL HARRIS, AND <br> ON BEHALF OF THE MINOR, <br> NYLA ARNOLD <br> **Plaintiffs** <br> <br> VERSUS <br> <br> SURIM TRUCKING EXPRESS <br> AKRAM QURAEA AND <br> AMERISURE MUTUAL <br> INSURANCE COMPANY <br> **Defendants** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION NO. 2:18-cv-00571 <br> <br> <br> JUDGE ELDON E. FALLON <br> <br> <br> MAG. MICHAEL B. NORTH |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 37**

**NOW INTO COURT**, through undersigned counsel, come the defendants, Surim Trucking Express, LLC, Akram Quraea, and Amerisure Mutual Insurance Company (collectively "Defendants"), who submit the following Memorandum in support of their Motion to Compel Discovery Responses pursuant to Federal Rule of Civil Procedure 37, stating as follows:

**I.    PERTINENT BACKGROUND AND FACTS**

On or about January 19, 2018 the plaintiffs, Carl Morgan, Shirley Morgan, Daniel Harris, and on behalf of the minor, Nyla Arnold (Plaintiffs") filed a Complaint for Damages alleging personal injuries allegedly resulting from an automobile accident that occurred on April 12, 2017 ("Incident"), which Plaintiffs allege was caused by Defendants.[1] On or about April 12, 2018, Defendants filed their Answer and Affirmative Defenses wherein they heavily disputed liability,

---

[1] See Complaint for Damages, Rec. Doc. 1.

1

heavily disputed how the Incident occurred, affirmatively plead Plaintiffs' comparative fault, and heavily disputed Plaintiffs' alleged injuries.[2]

On or about April 12, 2018, Defendants issued written Interrogatories and written Requests for Production of Documents to Plaintiffs, requesting the subject requests to be responded to by each plaintiff.[3] On or about June 8, 2018, Plaintiffs provided their written responses to Defendants' discovery requests.[4]

Plaintiffs specifically responded that only Shirley Morgan was involved in one (1) other accident. However, during Defendants' investigation of this matter, Defendant discovered multiple, additional automobile accidents in which Shirley Morgan was involved.

It is Defendants' concern that there could be additional information that Plaintiffs failed to disclose and/or false information that Plaintiffs provided which would severely prejudice Defendants' ability to defend themselves in this matter.

As stated above and below herein, Defendants attempted to amicably resolve these issues by requesting Plaintiffs' counsel on multiple times to supplement their responses to reflect the correct information (and Plaintiffs' counsel agreed to do so during our June 25 status conference with Judge Fallon), but Plaintiffs' counsel has now affirmatively refused to supplement their responses in any manner.[5]

Plaintiffs' counsel has also objected to disclosing the criminal records of the plaintiffs, despite the direct request in Defendants' Interrogatory No. 17. Defendants have discovered information indicating that plaintiff Shirley Morgan has been charged, at a minimum, with ten (10)

---

[2] See Defendants' Answer and Affirmative Defenses, Rec. Doc. 7.
[3] See Defendants' Interrogatories and Requests for Production of Documents, attached hereto as Exhibit A.
[4] See Plaintiffs' written responses to Defendants' Interrogatories and Requests for Production of Documents, attached hereto as Exhibit B.
[5] See email correspondence exchange between undersigned counsel and Plaintiffs' counsel, attached hereto *in globo*, as Exhibit C, letter dated July 11, 2018 attached hereto as Exhibit D, and email from Plaintiffs' counsel dated July 16, 2018, attached hereto as Exhibit E.

felonies and misdemeanors in Orleans Parish. It is further suspected that Shirley Morgan has an additional undisclosed criminal history while domiciled in Arkansas. Further investigation has shown that plaintiff Daniel Lenoir Harris is a registered Sex Offender, having been convicted of, at a minimum, 2nd Degree Sexual Assault. Carl Morgan is also suspected to have an undisclosed criminal history.

As such, Defendants respectfully request this Honorable Court to issue an Order directing Plaintiffs to affirmatively amend and supplement their responses to Defendants' discovery requests, as they are required to do under Federal Rules of Civil Procedure 37.

## II.   LAW AND ARGUMENT

Federal Rule of Civil Procedure 33 provides that an interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33. Rule 26(b) states that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

The Federal Rules of Civil Procedure provide that a party may seek an order compelling discovery and imposing sanctions where another party fails to comply with their discovery obligations in a timely manner. Specifically, FRCP 37(a)(3)(B)(iii) provides that a party may seek an order compelling an answer to an interrogatory submitted under Rule 33. An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or

respond. Fed. R. Civ. P. 37(a)(4). Additionally, a court may impose a range of sanctions where the opposing party does not voluntarily comply with discovery obligations. Fed. R. Civ. P. 37(a)(5). Courts also have discretion to award reasonable expenses and attorneys fees to sanction discovery abuses. *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2F.3d 1397, 1410-11 (5th Cir. 1993). Where a party fails to provide discovery, then "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

As this Court is aware, the previous accident history of the Plaintiffs is undeniably relevant to Defendants' defense that plaintiffs' alleged injuries, if any, predate the accident at issue herein. In their responses, Plaintiffs' counsel, in response to the Interrogatory issued to Shirley Morgan, stated that "Mrs. Morgan objects to this Interrogatory because it is irrelevant to the subject matter of the captioned litigation and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Mrs. Morgan responds that on November17, 2017 on her way to the hairdresser she was hit by a lady on Read Blvd. in New Orleans East. She sustained no injuries from that collision."[6] She did not disclose the additional, at a minimum, two (2) automobile accidents discovered by Defendants.

Likewise, in response to the same Interrogatory propounded on Carl Morgan and Daniel Harris, Plaintiffs' counsel objected to the relevance and admissibility of the Interrogatory. As Defendants discovered information not disclosed by Plaintiffs and contrary to Plaintiffs' responses during their investigation, Defendants in good faith requested Plaintiffs supplement their discovery

---

[6] See Shirley Morgan's response to Interrogatory No. 20, Exhibit B.

responses on June 25 by email, again before Judge Fallon on that same date, by letter on July 11, by email again on July 13, and by email again on July 16.[7]

Specifically, Defendants informed plaintiffs of the dates of two (2) additional undisclosed automobile accidents on June 25; specifically, accidents that occurred on March 28, 2017 (approximately two (2) weeks prior to the accident concerned herein) and on or about November 13, 2017.

Moreover, Defendants suspect further undisclosed motor vehicle accidents involving the plaintiffs, potential other pending lawsuits and claims, and previous medical issues may exist. When Defendants expressed these concerns to Plaintiffs, Plaintiffs refused to abide by their obligations under the Federal Rules of Civil Procedure.

Instead, Plaintiffs' counsel surprisingly responded in the following manner:

> "We will not be supplementing discovery or providing you with any affidavits at this time. Maybe you can refresh my clients' memory in their depositions, if the accidents did in fact happen."[8]

Accordingly, despite Plaintiffs' response to the contrary, Plaintiffs are required to provide correct and complete disclosures of all relevant information requested by Defendants and Plaintiffs' counsel is required to supplement said responses with full and correct information as an officer of this Court. Defendants are concerned that Plaintiffs' refusal to disclose/provided full and correct information to Defendants' discovery requests may prejudice and hinder Defendants' ability to defend Plaintiffs' allegations. As such, Defendants respectfully request that an Order be entered granting this Motion to Compel and assessing all costs to Plaintiffs.

---

[7] See email correspondence exchange between undersigned counsel and Plaintiffs' counsel, attached hereto *in globo* as Exhibit C and letter dated July 11, 2018, attached hereto as Exhibit D.
[8] See email from Plaintiffs' counsel to undersigned dated July 16, 2018, attached hereto as Exhibit E.

### III.  CONCLUSION

For the reasons stated herein, Plaintiffs have either advertently or intentionally failed to disclose relevant information to Defendants in the course of discovery. However, it cannot be disputed that Plaintiffs have now intentionally refused to supplement their written discovery responses to reflect correct and complete information. Thus, Defendants' request that this Motion to Compel be granted, with all costs assessed to Plaintiffs.

                                    Respectfully Submitted,

                                    *Jennifer L. Simmons /s/*

---

**JENNIFER L. SIMMONS (#30060), T.A.**
**BENJAMIN M. PRI-TAL (#37264)**
**MELCHIODE MARKS KING LLC**
639 Loyola Avenue, Suite 2550
New Orleans, Louisiana 70113
Telephone: (504) 336-2880
Facsimile: (504) 336-2342
Email:  jsimmons@mmkfirm.com
         bprital@mmkfirm.com
*Counsel for Defendants, Surim Trucking Express, Akram Quraea, and Amerisure Mutual Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading was filed this 17th[th] day of August, electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*Jennifer L. Simmons /s/*

_____
**JENNIFER L. SIMMONS**