MINUTE ENTRY
NORTH, M.J.
NOVEMBER 28, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARL MORGAN, ET AL                              CIVIL ACTION

VERSUS                                          NUMBER: 18-0571

SURIM TRUCKING EXPRESS, ET AL                   SECTION: "L"(5)

## HEARING ON MOTION

COURT REPORTER: Jodi Simcox

APPEARANCES:    Jennifer Simmons, Benjamin Pri-Tal, Charlotte Meade, Doug Draper,
                Vanessa Motta, Jason Baer, Justin Alsterberg

MOTION:

(1)   Defendants' Motion for Contempt and to Compel (Rec. doc. 41).
(2)   Defendants' Motion for Contempt and to Compel (Rec. doc. 42).
(3)   Nahakama's Motion to Quash Subpoena Duces Tecum (Rec. doc. 44)
(4)   OSI's Motion for Protective Order and for Contempt and Sanctions (Rec. doc. 54).

_____ :       Continued to

_____ :       No opposition

 1,2,4 :      Opposition


## ORDERED

_____ :       Dismissed as moot.

_____ :       Dismissed for failure of counsel to appear.

_____ :       Granted.

_____ :       Denied.

MJSTAR (00:50)

__1-4__ :     Other.

1:  The recipients of the June 18, 2018 subpoena are to produce to Defendants, without objection, any and all medical records pertaining to the treatment of Plaintiffs, Carl and Shirley Morgan.  If no additional records exist beyond those that have already been produced, the recipients are to provide Defendants with a sworn declaration or affidavit to that effect.

2:  Consistent with the Court's October 31, 2018 ruling (rec. doc. 37), information responsive to the first three topics in the July 19, 2018 subpoena is to be produced without objection.  Information sought in the fourth and fifth topics is more appropriately sought in a deposition setting and need not be provided in response to the subpoena.

3:  Within seven days of the entry of the Court's model protective order in this matter and subject to the provisions thereof, Total Medical and MedPort are to respond to the subpoenas issued to them by providing all information that they have in their possession pertaining to the named Plaintiffs.

4:  Within seven days of the entry of the Court's model protective order in this matter and subject to the provisions thereof, Nahakama is to produce any and all documents responsive to the first category of documents sought by Defendant to the extent that those documents relate to the claims made in this lawsuit.

5:  There being no defense of fraud affirmatively pled in this case, the un-redacted information in the subject Bills of Sale is not relevant to any claim or defense in the case.  Defendants and Plaintiffs are to delete the e-mails that were provided to them by OSI, following which OSI is to re-redact the responsive documents and respond to Defendants' subpoena.

In advance of the upcoming settlement conference and trial, the parties are to be guided by the Court's comments regarding the production of documents pertaining to Plaintiffs' medical expenses and any liens that may exist.  The Court will __not__ conduct a settlement conference in this case if the identity of every lien holder and the amount of all liens is not known prior to the conference.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE